1

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
7

8
MICHAEL GUY MCCUNE,

9
            Plaintiff,

CASE NO. C15-00950 BHS

10
   v.

ORDER REVERSING AND
REMANDING DENIAL OF
BENEFITS
11
CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

13
           Defendant.

14
**I. BASIC DATA**

15
Type of Benefits Sought:

16
    (X) Disability Insurance

17
    (  ) Supplemental Security Income

18
Plaintiff's:

19
    Sex: Male

20
    Age: 53 at alleged onset date

21
Principal Disabilities Alleged by Plaintiff: Degenerative disc disease, fibromyalgia, pain
disorder, depressive disorder, anxiety disorder
22

Disability Allegedly Began: March 31, 2011

Principal Previous Work Experience: Data base administrator

Education Level Achieved by Plaintiff: Bachelor's degree

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Verrell Dethloff:

       Date of Hearing: October 2, 2013, hearing transcript AR 42-60

       Date of Decision: November 18, 2013

       Appears in Record at: AR 14-41

       Summary of Decision:

              The claimant last met the insured status requirements of the Social Security Act on December 31, 2012.  The claimant did not engage in substantial gainful activity during the period from his amended onset date of March 31, 2011, through his date last insured of December 31, 2012.  Through the date last insured, the claimant had the following severe impairments prior to the date last insured: degenerative disc disease of the cervical and thoracic spine and "possible" fibromyalgia.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

              The claimant had the residual functional capacity to perform sedentary work  as defined in 20 CFR  404.1567(a).  The claimant could stand and walk for two hours and sit for six hours, lift 10 pounds occasionally, and 10 pounds frequently.  He could occasionally climb ramps and stairs.  He could occasionally climb ladders, ropes, or scaffolds.  The claimant could occasionally balance, stoop, kneel, crouch, and crawl.

              Through the date last insured, the claimant was capable of performing past relevant work as a database administrator.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.  Therefore,

the claimant was not under a disability, as defined in the Social Security Act, at any time from March 31, 2011, the amended onset date, through December 31, 2012, the date last insured.

Before Appeals Council:

Date of Decision: April 20, 2015

Appears in Record at: AR 1-6

Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one

1  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

2  must be upheld." *Id.*

3  ## V. EVALUATING DISABILITY

4        The claimant, Michael Guy McCune ("McCune") , bears the burden of proving he

5  is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172

6  F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in

7  any substantial gainful activity" due to a physical or mental impairment which has lasted,

8  or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C.

9  §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her

10 impairments are of such severity that she is unable to do her previous work, and cannot,

11 considering her age, education, and work experience, engage in any other substantial

12 gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also*

13 *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

14       The Commissioner has established a five-step sequential evaluation process for

15 determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R.

16 §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through

17 four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At

18 step five, the burden shifts to the Commissioner. *Id.*

19

20

21

22

**VI. ISSUES ON APPEAL**

1.  Did the ALJ err in assessing McCune's severe impairments at step two?

2.  Did the ALJ err in assessing McCune's credibility?

3.  Did the ALJ err in assessing the lay witness testimony?

4.  Did the ALJ err in determining that McCune could return to past work at step four?

**VII. DISCUSSION**

McCune appeals the Commissioner's decision denying his disability benefits, arguing that the ALJ committed several errors requiring reversal.  Dkt. 7.  The Court addresses each alleged error in turn.

**A.    Severe impairments**

McCune argues that the ALJ erred in finding that he did not have a severe mental impairment.  *Id*. at 3-11.  The Court agrees.

If a claimant has no "severe medically determinable" impairment, then he or she will be found not disabled at step two of the sequential evaluation process.  20 C.F.R. 404.1520(a)(4)(ii).  A claimant must have a "physical or mental impairment" that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.  It "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms."  *Id*.

Here, the ALJ found that McCune had no medically determinable mental impairments prior to the date last insured.  AR 21.  The ALJ gave several reasons for finding no mental impairments: (1) that McCune did not allege any mental health

1   impairments; (2) that any medical evidence of mental impairments did not appear until

2   after the date last insured; and (3) that a state agency medical consultant found

3   insufficient evidence to establish a severe mental health impairment before the date last

4   insured.  *Id*.

5           First, the ALJ's dismissal of mental health impairments based on McCune failing

6   to allege them at the hearing shows a misunderstanding of mental illness.  When asked by

7   the ALJ at the hearing if he was on medication for his mental health problems, McCune

8   replied, "What mental health problems?  I'm sorry, I like to keep an optimistic attitude.

9   No."  AR 58.  When then asked if he thought he had mental health problems, McCune

10  replied, "No, I don't feel like I have mental health problems."  *Id*.  However, courts have

11  noted that it is characteristic of mental illness to lack a full understanding of the

12  seriousness of the condition.  *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996);

13  *see also Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir. 1989) (finding

14  questionable the practice of chastising one with mental impairment for exercise of poor

15  judgment in seeking rehabilitation).  Moreover, despite his own optimism at the hearing

16  regarding the state of his mental health, McCune provided the Administration with

17  medical evidence indicating that he suffers from mental health impairments.  *See, e.g.,*

18  AR 282-84, 419-22, 650-52, 749-50.  As a claimant's statement of his own symptoms is

19  not alone sufficient to establish an impairment without medical evidence, certainly a

20  claimant's denial of symptoms is not alone sufficient to prove the lack of an impairment

21  in the face of medical evidence to the contrary.

22

1    Next, the ALJ's finding that all the evidence of mental health treatment did not

2  show any medically determinable impairments prior to the date last insured is not

3  supported by substantial evidence.  The ALJ stated that James Moore, Ph.D., did not

4  diagnose McCune with any mental health impairment in December of 2010.  However,

5  Dr. Moore diagnosed McCune with Psychological Factors Affecting a Medical

6  Condition.  AR 284.  Under the Diagnostic and Statistical Manual of Mental Disorders,

7  Fourth Edition ("DSM-IV"), Psychological Factors Affecting a Medical Condition is an

8  Axis I diagnosis, and the accompanying medical condition is listed on Axis III.  *See*

9  DSM-IV, p. 732 (2000).  The Commissioner argues that Dr. Moore deferred any

10  psychological diagnosis and simply noted that psychological factors affected McCune's

11  condition.  *See* Dkt. 8 at 4.  However, after deferring independent Axis I diagnoses, Dr.

12  Moore clearly listed Psychological Factors Affecting a Medical Condition as an Axis I

13  diagnosis associated with the Axis III diagnosis of chronic pain.  *See* AR 284.

14    The Commissioner also argues that even if Dr. Moore did diagnose McCune with

15  Psychological Factors Affecting a Medical Condition, Dr. Moore did not conduct

16  sufficient clinical testing to support that diagnosis.  *See* Dkt. 8 at 4-5.  However, this is an

17  improper *post-hoc* argument that the ALJ did not make.  *See* AR 21; *see also Pinto v.*

18  *Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an

19  agency on a ground that the agency did not invoke in making its decision").

20    Also, the ALJ noted that McCune's mental health treatment prior to the date last

21  insured revolved only around relational difficulties, showing no evidence of a medically

22  determinable impairment.  AR 21.  However, Paul A. Anderson, LMFT, diagnosed

1    McCune with dysthymic disorder before the date last insured. *See* AR 422, 435.  Mr.

2    Anderson's notes reflect that McCune was being treated for general depression and

3    anxiety, which manifested in economic problems and problems related to his social

4    environment.  *See* AR 419, 422, 438.  While this diagnosis is not from a physician and is

5    not alone sufficient to establish a medically determinable impairment, the treatment is

6    further evidence that McCune suffered from symptoms associated with a depressive

7    mental health impairment during the relevant period.  The mental health treatment from

8    July of 2011 through April of 2012 was not strictly regarding family relations, as the ALJ

9    characterized it.

10          Moreover, the ALJ's dismissal of the opinion of treating psychologist Oscar

11   Benitez, M.D., simply because Dr. Benitez did not begin treating McCune until after the

12   date last insured is improper and not supported by substantial evidence.  On June 22,

13   2013, Dr. Benitez began treating McCune and diagnosed him with Pain Disorder with

14   Psychological Factors and a Medical Condition, Depressive Disorder Not Otherwise

15   Specified, and Anxiety Disorder Not Otherwise Specified.  AR 750.  On a corresponding

16   medical source statement regarding McCune's ability to perform work-related activities,

17   Dr. Benitez specifically opined that he suspected that limitations from these impairments

18   existed for "some time prior to the first date of treatment."  AR 817.

19          A claimant has the burden of proving that a medically determinable impairment

20   existed during the relevant period, not that he was diagnosed during the relevant period.

21   *See* 20 C.F.R. §§ 404.1508, 404.1512(c); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

22   1999).  The Ninth Circuit has previously found it "clear that reports containing

observations made after the period for disability are relevant to assess the claimant's

disability" because it is "obvious that medical reports are inevitably rendered

retrospectively and should not be disregarded solely on that basis." *See Smith v. Bowen*,

849 F.2d 1222, 1225 (9th Cir. 1988) (citations omitted).  While it was unclear what Dr.

Benitez believed the exact onset date to be, the ALJ could not simply dismiss the opinion

because treatment by this psychologist began after the date last insured.  McCune had

provided other medical evidence of symptoms from the impairments that Dr. Benitez

diagnosed occurring before the date last insured.  *See, e.g.,* AR 282-84, 419-22, 650-52.

Considering the record as a whole, including Dr. Moore's earlier diagnosis, substantial

evidence does not support the ALJ's finding that all medical evidence of mental

impairments came after the date last insured.

Finally, the ALJ's reliance on the state agency medical consultant's opinion is

improper in the face of conflicting evidence from treating providers.  The state agency

medical consultant reviewed the record at the reconsideration level, prior to the Dr.

Benitez's opinion being offered, and did not have Dr. Moore's opinion for review.  *See*

AR 72-82.  Without the medical consultant having the benefit of the entire record that

was before the ALJ, the consultant's opinion should not have been given more weight

than the opinions of treating physicians.  *See* 20 C.F.R. § 404.1527(c)(1) ("Generally, we

give more weight to the opinion of a source who has examined you than to the opinion of

a source who has not examined you").  Therefore, the ALJ erred by determining that

McCune had no medically determinable mental impairments during the relevant period.

1    The Ninth Circuit has "recognized that harmless error principles apply in the

2 Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

3 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)

4 (collecting cases)).  The Ninth Circuit noted that "in each case we look at the record as a

5 whole to determine [if] the error alters the outcome of the case."  *Id.*  The court also noted

6 that the Ninth Circuit has "adhered to the general principle that an ALJ's error is

7 harmless where it is 'inconsequential to the ultimate nondisability determination.'"  *Id.*

8 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

9 (other citations omitted).  The court noted the necessity to follow the rule that courts must

10 review cases "'without regard to errors' that do not affect the parties' 'substantial

11 rights.'"  *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28

12 U.S.C. § 2111) (codification of the harmless error rule)).

13    Any error in determining plaintiff not to have a medically determinable mental

14 impairment would be harmless if the impairment were not also found to be severe.  At

15 step two of the sequential disability evaluation process, "the medical severity" of a

16 claimant's impairments is considered.  20 C.F.R. 404.1520(a)(4)(ii).  An impairment is

17 "not severe" if it does not "significantly limit [the claimant's] mental or physical abilities

18 to do basic work activities."  20 C.F.R. § 404.1521(a); *see also* Social Security Ruling

19 ("SSR") 96-3p, 1996 WL 374181, at *1.  Basic work activities are those "abilities and

20 aptitudes necessary to do most jobs."  20 C.F.R. § 404.1521(b); SSR 85- 28, 1985 WL

21 56856, at *3.  An impairment is not severe only if the evidence establishes a slight

22 abnormality that has "no more than a minimal effect on an individual[']s ability to work."

1    SSR 85-28, 1985 WL 56856, at *3; *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th

2    Cir. 1996); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).  The claimant bears the

3    burden to establish by a preponderance of the evidence the existence of a severe

4    impairment that prevented performance of substantial gainful activity and that this

5    impairment lasted for at least twelve continuous months.  20 C.F.R. §§ 404.1505(a),

6    404.1512(a), (c); *see also Tidwell*, 161 F.3d at 601 (citing *Roberts v. Shalala*, 66 F.3d

7    179, 182 (9th Cir. 1995)).

8         Here, McCune produced evidence that his mental impairments had more than a

9    minimal effect on his ability to work.  *See* AR 817 (marked difficulties interacting

10    appropriately with the public and responding appropriately to usual work situations and

11    to changes in a routine work setting).  While no individual physician expressed a definite

12    duration for McCune's impairments, the evidence of those impairments spans several

13    years.  *See, e.g.,* AR 282-84, 419-22, 650-52, 749-50, 816-17.  Therefore, it cannot be

14    said that the ALJ's error in determining McCune not to have any medically determinable

15    mental impairments was certainly harmless.

16         Likewise, because McCune was found to have other physical severe impairments

17    at step two, any error in failing to find mental severe impairments would be harmless so

18    long as any limitations posed by those mental impairments were considered later in the

19    sequential evaluation process.  *See* AR 20; *see also Lewis v. Astrue*, 498 F.3d 909, 911

20    (9th Cir. 2007).  Here, a review of the remainder of the ALJ's decision shows no

21    consideration given to limitations stemming from McCune's mental impairments, other

22    than to once again summarily reject Dr. Benitez's opinion for being offered after the date

1   last insured.  *See* AR 21-34.  Therefore, the ALJ erred by failing to consider McCune's

2   mental impairments in assessing his residual functional capacity ("RFC").

## B.    Claimant's credibility

4        McCune also argues that the ALJ erred in assessing his credibility.  Dkt. 7 at 11-

5   16.  If an ALJ rejects the testimony of a claimant once an underlying impairment has

6   been established, the ALJ must support the rejection "by offering specific, clear and

7   convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)

8   (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).  However, because the

9   ALJ's credibility analysis was directed at McCune's physical impairments and did not

10  consider his mental impairments (offering specific reasons, if any, to discount those

11  complaints), his credibility should be assessed again following remand of this matter.

## C.    Lay witness testimony

13       McCune argues that the ALJ erred in assessing the lay witness testimony in the

14  record.  Dkt. 7 at 16-17.  The ALJ discounted the testimony of the lay witnesses for the

15  same reasons that he discounted McCune's testimony, finding that their testimony

16  reflected the same limitations and was based on McCune's reports.  *See* AR 31-32.

17  However, because the ALJ must assess McCune's credibility again upon remand because

18  no consideration was given to his mental impairments, the lay witness testimony must

19  likewise be assessed again.

## D.    Step four finding

21       McCune argues that the ALJ's step four finding was not supported by substantial

22  evidence because of the aforementioned errors.  Dkt. 7 at 17-18.  Because the ALJ erred

1   in assessing McCune's severe impairments, the RFC analysis was not complete, and the

2   ALJ's step four determination is not supported by substantial evidence and is in error.

3          The Court may remand this case "either for additional evidence and findings or to

4   award benefits." *Smolen*, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's

5   decision, "the proper course, except in rare circumstances, is to remand to the agency for

6   additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

7   Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the

8   record that the claimant is unable to perform gainful employment in the national

9   economy," that "remand for an immediate award of benefits is appropriate." *Id.*

10          Benefits may be awarded where "the record has been fully developed" and

11   "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at

12   1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits

13   should be awarded where:

14          (1) the ALJ has failed to provide legally sufficient reasons for rejecting
            [the claimant's] evidence, (2) there are no outstanding issues that must
15          be resolved before a determination of disability can be made, and (3) it
            is clear from the record that the ALJ would be required to find the
16          claimant disabled were such evidence credited.

17   *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.

18   2002).  Here, issues still remain regarding McCune's true functional capabilities and his

19   ability to perform work despite any additional functional limitations.  Accordingly,

20   remand for further consideration is warranted in this matter.

21

22

1 **ORDER**

2       Therefore, it is hereby **ORDERED** that the Commissioner's final decision

3 denying McCune disability benefits is **REVERSED AND REMANDED**.

4       Dated this 6th day of January, 2016.

5

6

7 BENJAMIN H. SETTLE
          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22