UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL GUY MCCUNE,

          Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

CASE NO. C15-00950 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

## I. INTRODUCTION

This matter comes before the court on the motion by Michael Guy McCune ("McCune") for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 12. The Commissioner of the Social Security Administration ("Commissioner") challenges McCune's request for statutory attorney's fees on the grounds that the Commissioner's position in this matter was substantially justified and had a reasonable basis in fact and law. *See* Dkt. 13. The Court disagrees and because the requested fees are reasonable **GRANTS** McCune's motion for statutory fees.

ORDER - 1

## II. BACKGROUND

On January 6, 2016, this Court issued an order reversing and remanding the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 10. The Court found that (1) the ALJ erred at step two of the sequential evaluation process by finding that McCune did not have a severe mental impairment, and (2) the error was harmful because the resulting RFC and step-four finding that McCune could perform past work were not supported by substantial evidence. *See id*. at 5-13. The Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings due to the harmful error. *See id*. at 13-14.

## III. DISCUSSION

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). When determining the issue of substantial justification, the court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014).

McCune was the prevailing party because the Court reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 10. The ALJ's failure to find that McCune had a severe mental impairment led to the remand. *See id*. at 5-13.

**A.   Substantial Justification**

The Commissioner argues that the ALJ's step-two finding was substantially justified. *See* Dkt. 13. The Commissioner has the burden of proving that her position was substantially justified. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). In addition, a "substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The fact that the Commissioner did not prevail on the merits does not compel the conclusion that her position was not substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988) (citing *Oregon Envtl. Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987)). However, a determination by the Court that the administrative decision was not supported by substantial evidence is a "strong indication" that the Commissioner's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

Here, the Commissioner simply reiterates her position from the original litigation, arguing that the ALJ reasonably found McCune not to have a severe mental impairment based on the ALJ's interpretation of the medical evidence. *See* Dkt. 13 at 2-3. However, this Court found the ALJ's interpretation of the medical evidence not to be supported by substantial evidence. *See* Dkt. 10 at 5. First, the Court found that while James Moore, Ph.D., deferred other independent Axis I diagnoses, he clearly diagnosed McCune with Psychological Factors Affecting a Medical Condition. *See id.* at 7. The Court also found that McCune provided sufficient medical evidence to show that while other providers did not diagnose him with a mental impairment until after the date last insured, those

providers found that limitations stemming from his impairment existed before the date last insured.  *See id*. at 7-9.

Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Having found that the ALJ's step-two finding did not meet the substantial evidence standard, the Court now finds no reason that the Commissioner's position was otherwise substantially justified.  The Court also concludes that there are no special circumstances that render an EAJA award in this matter unjust.  Accordingly, the Court will award McCune attorney's fees under the EAJA.

**B.    Amount of Fees**

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case.  *See id*. at 433, 436-37.

Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case."  *Id*. at 429, 433 n.7.  "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id*. at 433.

Here, McCune prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and

1  not based on harmful legal error. When the case involves a "common core of facts or
2  will be based on related legal theories . . . the district court should focus on the
3  significance of the overall relief obtained by the plaintiff in relation to the hours
4  reasonably expended on the litigation." *See id*. at 435. The Supreme Court concluded
5  that where a plaintiff "has obtained excellent results, his attorney should recover a fully
6  compensatory fee." *Id*.

7        The Court concludes based on a review of the relevant evidence that McCune here
8  obtained excellent results. Therefore, the Court looks to "the hours reasonably expended
9  on the litigation," which, when combined with the reasonable hourly rate, encompass the
10  lodestar. *See id*. Given the facts and circumstances of the matter herein, and based on
11  the briefing, declarations, and attorney time sheet, the Court concludes that the amount of
12  time incurred by McCune's attorney in this matter is reasonable. The Commissioner
13  provides no argument against the amount of the fees requested. *See* Dkt. 13. The Court
14  finds reasonable the request for attorney's fees in the amount of $4,054.09 and expenses
15  in the amount of $406.15.

16        **IV. CONCLUSION**

17        McCune is awarded $4,054.09 in attorney's fees and $406.15 in expenses pursuant
18  to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).
19  McCune's award is subject to any offset allowed pursuant to the Department of
20  Treasury's Offset Program. *See id*. at 2528. The check for EAJA fees shall be mailed to
21
22

1 | McCune's counsel: Victoria B. Chhagan; Douglas, Drachler, McKee, & Gilbrough; 1904
2 | Third Avenue; Seattle, WA 98101.

3 |     Dated this 26th day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge